1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LEO ARCHER,

11              Plaintiff,              No. CIV S-06-0493 FCD DAD P

12        vs.

13   SOLANO COUNTY, et al.,            ORDER AND

14              Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking

17   various forms of relief, including monetary damages, under 42 U.S.C. § 1983.  Plaintiff has paid

18   the filing fee in full.  This proceeding was referred to the undersigned in accordance with Local

19   Rule 72-302 and 28 U.S.C. § 636(b)(1).

20              In an amended complaint filed April 17, 2006, plaintiff identifies the defendants

21   as follows: Solano County; Solano Judicial Officers; Solano County District Attorney's Office;

22   Attorney Barry Newman; and Does 1 through 20.  The amended complaint has superseded the

23   original complaint filed March 10, 2006.  See Fed. R. Civ. P. 15(a).

24              The court is required to screen complaints brought by prisoners seeking relief

25   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

26   § 1915A(a).  The court must dismiss claims that are legally frivolous or malicious, claims that

1

1  fail to state a claim upon which relief may be granted, and claims that seek monetary relief from

2  a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

3          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

5  (9th Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably

6  meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

7  327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

8  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);

9  Franklin, 745 F.2d at 1227.

10         In the present case, plaintiff alleges as follows:  Solano County and its judicial

11 officers deprived plaintiff of a jury trial on his restoration of sanity writ in 2002 but released him

12 from confinement in a state mental hospital into the custody of an outpatient program, where he

13 was subjected to an unconstitutional "commitment of confinement"; while serving the

14 commitment, plaintiff gained employment, worked hard, saved money, started a profitable

15 business, and acquired substantial assets; in 2003, after he had served the one-year commitment,

16 he was entitled to a jury trial on his restoration of sanity writ but was informed by the court and

17 appointed counsel, defendant Newman, that he was entitled only to a hearing; a hearing was held

18 and plaintiff was recommitted to an additional year of commitment in a county aftercare

19 program; the court subsequently realized that plaintiff had been deprived of his right to a jury

20 trial, attempted to cover up the error by referring to plaintiff's hearing as a "bench" trial, and in

21 2004 granted a motion for "new" trial brought by defendant Newman to cover up his role in the

22 deprivation of a jury trail; plaintiff is still serving "the same unconstitutional commitment of

23 confinement" and has been subjected to recommitment to an aftercare program and revocation of

24 outpatient status without due process; the state court refuses to acknowledge the deprivation of

25 plaintiff's rights; plaintiff has been subjected to additional hospitalization without a valid

26 recommitment order.

1    Plaintiff states that he has filed a federal petition for writ of habeas corpus, case

2    No. CIV S-04-2249 MCE KJM P, and that he has been appointed counsel in that case.  Plaintiff

3    understands that he must exhaust state court remedies before the district court can address his

4    habeas claims.  Plaintiff believes, however, that he is entitled to relief in this civil rights action

5    because the violations of his rights have been admitted and his own attorney told him that his

6    rights were violated equally by counsel, the county, the court, and the district attorney.

7    Plaintiff requests that his civil rights complaint be served on the defendants

8    immediately, that the state court be ordered to docket a copy of his federal civil rights complaint

9    in the state court case, and that a copy of the civil rights complaint be filed in plaintiff's federal

10   habeas case.  Plaintiff seeks an order stopping the state court proceedings in Solano County until

11   this court can determine the constitutionality of plaintiff's confinement.  Plaintiff seeks

12   immediate release from all restraints and recommitments, as well as extensive damages and an

13   apology from Solano County.

14   When a state prisoner challenges the legality of his confinement and the relief he

15   seeks is the determination of his entitlement to an earlier or immediate release, his sole federal

16   remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  When a

17   prisoner seeks money damages based on allegations that are grounded on the alleged invalidity of

18   his confinement, the prisoner may not seek damages pursuant to § 1983 until he has established,

19   through appropriate state or federal remedies, that his confinement is illegal.  Edwards v.

20   Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

21   Here, plaintiff is proceeding with a federal habeas corpus action.  A review of the

22   docket for case No. CIV S-04-2249 MCE KJM P reveals that counsel has moved to stay the

23   action pending exhaustion of state court remedies.  On this record, it is evident that no court has

24   yet determined that plaintiff's confinement is or was illegal.  Plaintiff's claims for damages

25   arising from alleged illegal confinement are not cognizable under § 1983 at this time and must be

26   dismissed without prejudice.  Plaintiff's pending requests will be denied as premature or moot.

3

1        Accordingly, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's April 28, 2006 request for informal hearing is denied;

3        2.  Plaintiff's June 9, 2006 request for service of process by the United States

4   Marshal is denied;

5        3.  Plaintiff's June 13, 2006 motion for status conference is denied;

6        4.  The documents submitted by plaintiff on June 16, 2006, will be disregarded;

7        5.  Plaintiff's August 2, 2006 request for information is denied; and

8        IT IS RECOMMENDED that this action be dismissed without prejudice for

9   failure to state a claim that is cognizable at the present time.

10       These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

12  days after being served with these findings and recommendations, plaintiff may file written

13  objections with the court.  A document containing objections should be titled "Objections to

14  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

15  objections within the specified time may, under certain circumstances, waive the right to appeal

16  the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  DATED: November 21, 2006.

18

19                                                    _Dale A. Drozd_

20                                              DALE A. DROZD
                                                UNITED STATES MAGISTRATE JUDGE

21  DAD:13
    arch0493.56

22

23

24

25

26