IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEO ARCHER,

        Plaintiff,                          No. CIV S-06-0493 FCD DAD P

    vs.

SOLANO COUNTY, et al.,

        Defendants.                ORDER

_____/

        Plaintiff is a civil detainee proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. Pending before the court is plaintiff's request for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

**PROCEDURAL HISTORY**

        On November 22, 2006, the assigned magistrate judge screened plaintiff's complaint and issued findings and recommendations, recommending that this action be dismissed without prejudice for failure to state a claim because no court had yet determined that plaintiff's confinement is or was illegal. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). On January 5, 2007, the undersigned adopted the findings and recommendations in full and dismissed this action without prejudice. Plaintiff subsequently filed a timely request for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

1

## PLAINTIFF'S REQUEST FOR RECONSIDERATION

In his request for reconsideration, plaintiff argues that the court erroneously considered him to be a prisoner for purposes of screening his complaint. In fact, plaintiff notes, he was found not guilty by reason of insanity and is committed for the sole purpose of mental health treatment. Plaintiff also argues that he paid the filing fee for this civil action. For these reasons, plaintiff appears to contend that the magistrate judge was not required to screen his complaint and should have ordered service of the complaint on the defendants. (Pl.'s Req. for Recons. at 1-14)

Plaintiff also argues that the named defendants in this action inflicted numerous constitutional violations upon him. For example, plaintiff contends that the defendants allegedly denied him due process, infringed on his liberty and property interests, and denied him effective assistance of counsel. Plaintiff concludes that his claims for damages were meritorious and arguable and that he should have at least been given the opportunity to amend his complaint before the court dismissed his case. Plaintiff seeks reconsideration of the judgment in this case and an order directing service of his complaint on the defendants. (Id.)

## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Here, the court finds that plaintiff is entitled to relief pursuant to Rule 60(b)(1). See, e.g., Kingvision Pay-Per-View v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999) (Rule

60(b)(1) includes mistakes by the court).  Specifically, under 28 U.S.C. § 1915A(a), the court is required to screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer. . . ."  Section 1915A(c) defines as "prisoner" as:

> any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915A(c).  As noted above, plaintiff has been found not guilty by reason of insanity and is civilly committed.  In this regard, it appears that plaintiff is not a "prisoner" for purposes of the screening requirement set forth in § 1915A(a).  Cf. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000) (civil detainee under Sexually Violent Predator Act was not a "prisoner" subject to exhaustion or in forma pauperis requirements under Prison Litigation Reform Act); Michau v. Charleston County, S.C., 434 F.3d 725 (4th Cir. 2006) (civil detainee under Sexually Violent Predator Act was not subject to complaint screening requirement under Prison Litigation Reform Act because he was not a "prisoner" for purposes of § 1915A(c)); see also Jones v. United States, 463 U.S. 354, 368 (1983) ("The purpose of commitment following an insanity acquittal, like that of civil commitment, is to treat the individual's mental illness and protect him and society from his potential dangerousness.").

In addition, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a case if it determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  In this case, however, plaintiff paid the filing fee in full.  In this regard, plaintiff's complaint is not subject to the screening requirement for in forma pauperis actions under § 1915(e).  Accordingly, the court will grant plaintiff's request for reconsideration and refer this matter back to the assigned magistrate judge for further proceedings.

/////

/////

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for reconsideration (Doc. No. 18) is granted;

2. The Clerk of the Court is directed to re-open this case; and

3. This matter is referred back to the magistrate judge for further proceedings in accordance with this order.  See Local Rule 302 & 28 U.S.C. 636(b)(1).

DATED: April 8, 2010.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

4